(Pleito No. 193.—Fallado en 10 de Mayo de 1902.)

## BIANCHI contra AYUNTAMIENTO DE AÑASCO.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

1.—REIVINDICACIÓN DE PROPIEDAD INMUEBLE. Son condiciones indispensables á la reivindicación que el demandante fije con toda precisión y claridad en la demanda la cosa que reclama, y pruebe durante el juicio el dominio é identidad de ella, por ser los mismos á que se refieren los títulos y documentos en apoyo de su derecho presentados.

2.—PRUEBAS. No es lícito pretender suplir la prueba del demandante, ó lo que de ella falte, por medio de objeciones dirigidas á demostrar la carencia de pruebas del demandado, quien no necesita oponer á la demanda más que la simple posesión.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á diez de Mayo de mil novecientos dos, en el pleito seguido ante el Tribunal de Distrito de Mayagüez por Don Juan Bianchi Pagán y Braceti, propietario del domicilio de Añasco, contra el Ayuntamiento de dicho pueblo, sobre reivindicación de terrenos; cuyo pleito pende ante Nos en virtud de recurso de

casación por infracción de ley, interpuesto por la parte demandante, á la que ha representado y defendido ante esta Corte Suprema el Letrado Don Herminio Díaz Navarro, habiendo llevado la representación y defensa de la parte recurrida el Letrado Don José de Guzmán Benítez.—Resultando: Que en la escritura pública de partición de bienes del difunto Don José Monagas y García, otorgada en la Ciudad de Mayagüez, á primero de Junio de mil ochocientos ochenta y nueve, ante el Notario Don Santiago R. Palmer, se adjudicó á Don Juan Bianchi Pagán y Braceti, en pago de un crédito de treinta y cinco mil ochocientos ochenta y nueve pesos, entre otros bienes, una hacienda de cañas dulces nombrada "Esperanza", sita en el barrio de "Añasco Arriba", del municipio de Añasco, con sesenta y cuatro hectáreas y treinta y seis áreas de extensión superficial, colindante, al saliente con el camino viejo del "Pantano", con terrenos de la hacienda de cañas "Ventura", del finado Monagas; al poniente con el caño de "La Puente", terrenos de la hacienda "Tula", de la Sucesión de Don Pedro Chavarry y tierra de Don Pedro Aran; al sur con las expresadas haciendas "Ventura" y "Tula", y al norte con el camino que conduce al barrio de "Añasco Arriba"; de cuya finca inscrita en el Registro de la Propiedad de Mayagüez á favor del adjudicatario, sin que apareciera conocidamente gravada con carga alguna, adquirió Monagas por compra á Don Salvador Mestre y Mora, 61 hectáreas, 11 áreas y 75 centiáreas, según escritura pública de veinte y ocho de Febrero de mil ochocientos ochenta y uno, y 3 hectáreas, veinte y cuatro áreas y veinte y cinco centiáreas por compra á Doña Trinidad López según escritura posterior de cinco de Enero de mil ochocientos ochenta y cuatro.—Resultando: Que Don Juan Bianchi Pagán y Braceti presentó demanda ante el Tribunal de Distrito de Mayagüez, en diez y nueve de Abril del año próximo pasado, contra el Ayuntamiento del pueblo de Añasco, á la que acompañó copia de la escritura de partición de bienes de Don José Monagas y García, en la parte relativa á la ad-

judicación hecha á Don Juan Bianchi de la hacienda "Esperanza", con otros bienes y certificación de estar libre de gravámenes dicha hacienda, alegando como hechos que desde que adquirió la hacienda "Esperanza" ha estado poseyéndola en toda su cabida hasta hacía algunos meses que el referido Ayuntamiento le disputaba el dominio de una parte de sus tierras, queriendo extender hasta las mismas los egidos de la población, pues habiendo establecido un impuesto sobre los tendidos de café que se hicieran para secar dicho grano en los terrenos del repetido Ayuntamiento unidos al casco de la población, había hecho extensivo el cobro de ese impuesto á tendidos verificados sobre terrenos de la hacienda "Esperanza", por estimarlos de su exclusiva propiedad; invocó como fundamentos de derecho los artículos 348, 349, 441 y 446 del Código Civil, y la sentencia del Tribunal Supremo de España, de veinte y ocho de Abril de mil ochocientos ochenta y tres; y concluyó con la súplica de que por sentencia se declarara ser de su propiedad el terreno que le detenta el Ayuntamiento de Añasco como si le perteneciera, dentro de la cabida de la hacienda "Esperanza" que le fué adjudicada en la escritura pública de partición de bienes de Don José Monagas, ordenando en su consecuencia se le restituya en el pleno dominio y posesión de ese terreno con las costas á la parte demandada.—Resultando: Que el Ayuntamiento de Añasco, al contestar la demanda, se opuso á ella, exponiendo que los terrenos correspondientes á la población de Añasco comprendían un perímetro de cincuenta y ocho cuerdas, figurando en ese perímetro varios trozos de terreno que están aun sin fabricar y que viene poseyendo el municipio de Añasco, sin interrupción, en concepto de dueño, hace más de cien años, por cuya razón estableció un impuesto sobre los tendidos de café que en ellos se hicieran para secar dicho grano, sin que en manera alguna afectara ese impuesto terrenos de la hacienda "Esperanza"; que en veinte y tres de Mayo de mil ochocientos treinta y cuatro se formó un plano de la población de Añasco, que arrojó una

superficie de sesenta y dos cuerdas, vara y tercia de terreno, de las cuales, por acuerdo del Ayuntamiento de diez y nueve de Enero, veinte de Febrero, ocho de Marzo y tres de Julio de mil ochocientos cuarenta y tres, se enajenaron cuatro cuerdas, vara y media, quedando un sobrante de cincuenta y ocho cuerdas, en las cuales está comprendido el trozo cuya propiedad disputa Don Juan Bianchi; que si bien es cierto que el terreno que encierra el título presentado por Bianchi colinda por la parte norte con el camino que conduce al barrio de Añasco Arriba, esa colindancia no existe en toda la extensión del camino, pues si así fuera corresponderían al demandante los terrenos sobre que están fabricadas varias casas de particulares y que forman parte de los egidos de Añasco; que el terreno de Don Juan Bianchi, hacia el norte, colinda por dos partes con el camino que conduce al barrio de Añasco Arriba, una de ellas, entre la casa de Belén Rolé y el cementerio, cuyo terreno fué vendido por el propio Sr. Bianchi al municipio y la otra parte entre las casas de Don José Miguel Echalecu y Don Miguel Nieves; invocó como fundamentos de derecho los artículos 348, 430, 432, 447, 448, 1,930, 1,957 y 1,959 del Código Civil, y los 32 y 76 de la Ley Municipal, y pidió que se le absolviera de la demanda con las costas al demandante.—Resultando: Que recibido el pleito á pruebas, figuran entre las de la parte actora las siguientes:—1º  Copia de la escritura de venta de la hacienda "Esperanza", otorgada por don Salvador Mestre y Mora á Don José Monagas y García en veinte y ocho de Febrero de mil ochocientos ochenta y uno, en cuyo documento se expresa que la referida hacienda, compuesta de ciento cincuenta y cinco y media cuerdas de terreno, equivalentes á sesenta y una hectáreas, once áreas y setenta y cuatro centiáreas, colindaba antes, al norte con la quebrada llamada la Puente, el pueblo de Añasco y terrenos de Don José Antonio Sein; por el este con el camino real antiguo; por el sud con terrenos de la hacienda de cañas "Ventura", de Sucesión Romaní, y la "Tula" de Don Pedro Chava-

rry, y por el oeste con la antedicha quebrada y la carretera; consignándose después en el mismo título, que la expresada finca, en la fecha del otorgamiento de la escritura, tenía por colindancias, al saliente el camino viejo del Pantano, con terrenos de Doña Trinidad López y otros terrenos de la hacienda de cañas "Buenaventura", de la Sucesión Romaní; al poniente el caño de "La Puente", terrenos de la hacienda "Tula" de Don Pedro Chavarry y tierras de Don Pedro Aran; al sur las expresadas haciendas "Buenaventura" y "Tula", y al norte el camino que conduce al barrio de Añasco Arriba, hallándose además limitada por otros puntos que extensamente se enumeran y entre los cuales no aparece que sea único límite de la repetida hacienda "Esperanza", por la parte norte y en toda su extensión el camino que conduce al barrio de Añasco Arriba.—2º  Una certificación expedida en la misma fecha veinte y ocho de Febrero de mil ochocientos ochenta y uno por el Registrador de la Propiedad de Mayagüez, expresiva de estar libre de todo gravamen la hacienda "Esperanza", la cual según instancia presentada por Don Salvador Mestre y Mora, entonces dueño de ella, estaba situada en el barrio de Añasco Arriba del término de Añasco y constaba de una extensión superficial de ciento cincuenta cuerdas de terreno, más ó menos, lindando al norte con la Sucesión de Don José Cebollero ó sea propiedad de éste, quebrada "La Puente", egidos del pueblo, casa de Don Victorio Calderón, Don Joaquín Figueroa, Doña Carmen Martínez y Sucesión de Don Manuel Durán; sud, Sucesión de Romaní; saliente, camino real, y poniente, la hacienda "Gaspara".—3º  Un plano de la hacienda "Esperanza", propiedad de Don José Monagas, sita en los barrios de Añasco Arriba y Carreras, de la jurisdicción de Añasco, su fecha diez y siete de Octubre de mil ochocientos ochenta y dos, del que no aparece que la hacienda "Esperanza" tenga por única colindancia al norte el camino que conduce al barrio de Añasco Arriba.—4º  Título de propiedad expedido por Don Miguel Nogueras, por

el Ayuntamiento de Añasco, en siete de Agosto de mil ochocientos cuarenta y tres, relativo á terrenos de dicho pueblo que remató Nogueras.—5º  Certificación de una sentencia del Tribunal de Distrito de Mayagüez en dos de Octubre de mil novecientos revocando otra dictada en juicio verbal civil por el Juzgado Municipal de Añasco, la que condenaba á los Sres. Díez y Arrarás á pagar al demandante Don Antonio Valentín Falcón los ocho centavos provinciales que éste les reclamaba en concepto de arbitrio señalado á cada petate para el tendido de frutos ú otras cosas de cuyo arbitrio era rematista el demandante.—6º  Certificación del Registro de la Propiedad de Mayagüez sobre no existir en sus libros inscripción de finca alguna á favor del Ayuntamiento de Añasco.—Y 7º  Declaraciones de varios testigos que no están conformes sobre las colindancias de la hacienda "Esperanza" por la parte norte.—Resultando: Que á instancia de la parte demandada no fué practicada otra prueba que la testifical, consistente en las declaraciones de los testigos Felipe Reyes y Don Ignacio Sein, quienes afirman que los terrenos que se litigan pertenecen al Ayuntamiento de Añasco, colindando, según el primero, la hacienda "Esperanza" por el norte con el camino real y el cementerio, y según el segundo, con esos mismos puntos y además con Miguel Nieves, José Miguel Echalecu y otras personas.—Resultando: Que el Tribunal de Distrito de Mayagüez dictó sentencia en veinte y tres de Agosto del año próximo pasado, por la que absolvió al Ayuntamiento del pueblo de Añasco de la demanda interpuesta por Don Juan Bianchi Pagán, con las costas á cargo de éste.—Resultando: Que contra dicha sentencia ha interpuesto Don Juan Bianchi Pagán recurso de casación por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes:—1º  Error de hecho en la apreciación de la prueba, al consignarse en el considerando segundo de la referida sentencia que en los documentos auténticos que en él se citan, ó sea en la escritura pública

de primero de Junio de mil ochocientos ochenta y nueve y en la otra anterior de veinte y ocho de Febrero de mil ochocientos ochenta y uno, se dan á la hacienda "Esperanza" otra cabida y otras colindancias de las que señaló su primitivo adquirente Don Salvador Mestre y. Mora, al pedir al Registrador de la Propiedad de Mayagüez certificación de libertad de cargas de la misma, cuando tanto en las dos escrituras, como en la certificación de que se deja hecho mérito se afirma que la finca en cuestión colinda por el norte con el camino que conduce al barrio de Añasco Arriba, camino que es precisamente el indicado en el plano que como prueba adujo la parte recurrente, cuya autenticidad no fué impugnada por la contraria, sin que el escrito de Don Salvador Mestre, que no tiene carácter de documento público, pueda desvirtuar el valor probatorio de los demás documentos citados, ni la distinta cabida de la hacienda "Esperanza" pueda tener influencia en el pleito, toda vez que el punto litigioso es la línea ó colindancia norte de la finca.—2º Otro error de hecho al afirmarse que no se ha justificado el dominio ni la identidad del terreno que reclama el demandante, por cuanto los títulos de propiedad de que se deja hecho mérito, inscritos en el Registro de Mayagüez y conformes con el plano que obra en autos de la hacienda "Esperanza", en cuyo plano se señala el terreno que detenta el Ayuntamiento de Añasco, y las declaraciones de los testigos Don Antonio Díez González, Don Antonio Cruz Calderón, Don José Antonio Cebollero, Don Ernesto Esteves, Don Santiago Labiosa y Doña Ursula Vidal, demuestran la posesión quieta y pacífica que en concepto de dueño tenía Bianchi Pagán cuando el Ayuntamiento de Añasco le detentó el terreno que reclama, perfectamente identificado por las referidas pruebas. —3º Error de derecho en la apreciación de las pruebas al no estimarse en su verdadero sentido la resultancia total de las mismas, pues de ellas resultan plenamente justificados los hechos de la demanda ; habiéndose infringido el principio legal de que los elementos probatorios deben ser juzgados

en su conjunto, según doctrina del Tribunal Supremo de España en sentencias de treinta y uno de Diciembre de mil ochocientos ochenta y tres, veinte y cinco de Febrero, diez y ocho de Abril, treinta y uno de Mayo y primero de Julio de mil ochocientos ochenta y cuatro, cinco de Mayo y veinte y ocho de Octubre de mil ochocientos ochenta y cinco, veinte y siete de Enero y veinte y dos de Septiembre de mil ochocientos ochenta y ocho, seis de Febrero y diez y siete de Abril de mil ochocientos ochenta y nueve, nueve de Junio de mil ochocientos noventa, veinte y ocho de Diciembre de mil ochocientos noventa y uno, diez y ocho de Enero de mil ochocientos noventa y dos y veinte y ocho de Enero de mil ochocientos noventa y tres.—4º Otro error de derecho, consistente en no haberse aceptado como prueba las manifestaciones de los seis testigos ya relacionados, los que de acuerdo con los documentos públicos traídos al juicio y en frente de sólo dos testigos de la parte contraria, han declarado no pertenecer al Ayuntamiento de Añasco las tierras litigiosas y sí á la hacienda "Esperanza", cuyo dueño Bianchi Pagán las estaba poseyendo al detentarlas aquel Ayuntamiento, infringiéndose así la doctrina sentada por varias sentencias del Tribunal Supremo de España, entre ellas las de dos de Julio de mil ochocientos ochenta y tres y diez y seis de Enero de mil ochocientos noventa y uno, de que debe darse crédito al dicho de testigos de una de las partes cuando la prueba practicada por la contraria no desvirtúa de modo fehaciente las afirmaciones de aquéllos.— 5º Otro error de derecho al afirmar con respecto á la colindancia norte de la finca litigiosa, lo contrario de lo que dicen los documentos públicos ya mencionados; infringiendo así los artículos 1,216 y 1,218 del Código Civil.—6º Otro error de derecho al no haber aceptado como fehacientes las manifestaciones de testigos que afirman haber presenciado el despojo hecho al demandante por el Ayuntamiento de Añasco, infringiéndose así el artículo 1,248 del Código Civil y la doctrina de que los Tribunales tienen facultad para

apreciar conforme á las reglas de la sana crítica la fuerza probatoria de las declaraciones de los testigos, pues esa facultad no es tan lata que les faculte para prescindir de la razón de ciencia que es precisamente la base principal de toda crítica sana, según así se halla consignado en las sentencias del Tribunal Supremo de España, de treinta de Diciembre de mil ochocientos ochenta y cuatro, veinte de Junio de mil ochocientos ochenta y cinco, diez y nueve de Febrero de mil ochocientos ochenta y seis, tres de Diciembre de mil ochocientos ochenta y ocho, trece de Marzo de mil ochocientos ochenta y nueve, veinte y uno de Marzo de mil ochocientos noventa y uno y veinte y seis de Abril de mil ochocientos noventa y tres.—7º Igual error de derecho por no haber declarado probado que el Ayuntamiento de Añasco no posee hoy terrenos baldíos sin edificar, por haber vendido ya ha tiempo sus sobrantes, según documento auténtico obrante en autos; infringiendo así los artículos 1,216 y 1,218 del Código Civil.—8º El mismo error de derecho al no estimarse probado que el Ayuntamiento de Añasco no es dueño de terreno alguno, como así lo comprueba el referido documento auténtico y el no menos auténtico expedido por el Registrador de la Propiedad de Mayagüez, de no tener inscritos el Ayuntamiento de Añasco terrenos de su propiedad; habiéndose infringido, por tanto, los textos legales que se acaban de citar.—9º Infracción de los artículos 432, en su apartado 1º., 445 y 446 del Código Civil, porque teniendo Bianchi Pagán en concepto de dueño la posesión del terreno litigioso, y habiendo presentado título, no se le ha amparado en esa posesión, restituyéndole en ella. —10º Infracción de los artículos 348 y 349 del Código Civil, por cuanto se ha privado al demandante de un terreno que le pertenece, cerrándole el paso á la acción reivindicatoria del mismo por él ejercitada.—11º Infracción del principio jurídico *"Actore non probante, reus est absolvendus"*, aplicable *á contrario sensu* al demandado que no prueba sus excepciones, según las sentencias del Tribunal Supremo de

España, de veinte y uno de Diciembre de mil ochocientos ochenta y dos, y diez y ocho de Abril de mil ochocientos ochenta y cuatro, toda vez que el Ayuntamiento de Añasco no ha probado ser dueño del terreno que le detenta al demandante.—12º  Infracción de la doctrina confirmatoria de la expuesta en el motivo anterior, ó sea que el demandado debe probar sus excepciones, sentada en las sentencias del Tribunal Supremo de España de diez y seis de Diciembre de mil ochocientos cincuenta y nueve, veinte y nueve de Noviembre de mil ochocientos setenta y dos y diez y ocho de Noviembre de mil ochocientos setenta y seis.—Visto : Siendo Ponente el Juez Asociado Don José C. Hernández.— Considerando : Que son condiciones indispensables á la reivindicación que el demandante fije con toda precisión y claridad en la demanda la cosa que reclama, y pruebe durante el juicio el dominio é identidad de ella, por ser la misma á que se refieren los títulos y documentos en apoyo de su derecho presentados.—Considerando : Que el Tribunal de Distrito de Mayagüez ha estimado por el conjunto de las pruebas practicadas en el juicio, que el demandante Don Juan Bianchi Pagán no ha justificado el dominio y la identidad del inmueble que reclama al Ayuntamiento de Añasco, y que contra tal apreciación no se han cometido los errores de hecho y de derecho que se alegan en el recurso, pues no determinándose en la demanda la cosa litigiosa con su situación concreta, lindes y cabida, y siendo imposible puntualizarla mediante el examen comparativo de los diversos elementos probatorios, falta base de que partir para la comprobación del dominio y de la identidad y para que tales errores puedan haberse cometido.—Considerando : Que no es lícito pretender suplir la prueba del demandante, ó lo que de ella falte, por medio de objeciones dirigidas á demostrar la carencia de pruebas del demandado, pues éste no necesita oponer á la demanda más que la simple posesión y no está obligado á exhibir el título con que posea, como así lo establecen los artículos 348 y 448 del Código Civil, y lo

confirma la jurisprudencia del Tribunal Supremo de Justicia de España, de que ya hizo aplicación esta Corte en sentencia de veinte y cuatro de Octubre de mil novecientos.—Considerando: Que por el mérito de las razones expuestas es de desestimarse el recurso como comprendido en el número 7º del artículo 1,690; y que en cuanto aparece autorizado por el número primero del mismo artículo, tampoco es procedente por faltarle el supuesto en que descansa ó sea el error en la apreciación de las pruebas por diversos motivos alegado.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por Don Juan Bianchi Pagán, al que condenamos en las costas; y comuníquese esta resolución, con devolución de los autos al Tribunal de Distrito de Mayagüez, á los efectos consiguientes. —Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á treinta de Abril de mil novecientos dos.—Antonio F. Castro, *Secretario*.